THE DAWSON MANUFACTURING COMPANY, plaintiff in error, *vs.* THE BRUNSWICK AND ALBANY RAILROAD COMPANY *et al.*, defendants in error.

Under the construction of the contract and of the order of the court permitting the plaintiff in error to take from the receiver the cars in dispute, on his giving up his right to go upon the general fund for the amount of his debt, reserving his right to claim hire and damages, we are of opinion that the court erred in ruling out the testimony as to the value of the rent of the cars and the damage to the cars over and above the wear and tear, and on this ground we think there ought to be a new trial. As to the six cars not delivered, we do not see that any issue was made as to them.

Contracts.     Evidence.     Before Judge SCHLEY.     Glynn Superior Court.     May Adjourned Term, 1873.

The Dawson Manufacturing Company, on 5th August, 1871, entered into a written contract with the Brunswick and Albany Railroad Company, by which it made for it twenty-five platform and fifty box cars, and, as security for the payment of certain notes taken for them, it retained the title and ownership of the cars, and reserved the right, in case of the non-payment of any of said notes, without impairing the effect and validity of said notes, to resume possession thereof; and the Brunswick and Albany Railroad Company agreed to surrender up the same, and the Dawson Manufacturing Company

then had the right to sell the cars at public auction on ten days' notice, and apply the proceeds to the notes.

After the bill in this case was filed, an injunction ordered, and a receiver appointed, these cars went into his possession, and the Dawson Manufacturing Company was made a party defendant. An answer was filed and the injunction dissolved as to it. Thereupon the cars, except six, were returned.

The interlocutory decree under which this was effected, provided that "the Dawson Manufacturing Company may go forward and make proof before the jury at the final trial of said cause, unless it can be agreed upon by counsel what said Brunswick and Albany Railroad Company may be indebted for rent due for the use of the said cars, and for damages to them, over and above the usual wear and tear in service, or for any loss or destruction of any one or more of said cars. It being distinctly understood, that in consideration of the foregoing, said Dawson Manufacturing Company gives up and abates all claim of damages against said railroad company for any loss it has suffered by reason of the non-payment of said notes for said cars, under said contract, other than rent or damages for the injury, loss or destruction of said cars, or any of them, aforesaid, and the claim submitted to the master on said notes to be withdrawn."

Under this interlocutory decree the claim for over $41,000, which had been presented to the master and adjudged correct by him, was withdrawn, and the claim of the Dawson Manufacturing Company was presented to the jury, and an issue tendered thereon, for the following amounts:

1872

Feb. 27th. For rent of cars, to-wit: 30 box cars from 15th June, 1871, at $45 00 each, per month............ $11,340 00
To rent of 25 box cars same time and same price............ 9,450 00
To value 6 box cars never turned over, but transferred by T. A. Burns, superintendent, and Hazlehurst & Minnehan...................................... 48,000 00
To loss and damages and injury to 49 cars at $200 00 each.... 9,800 00

Upon the trial the court held that the Dawson Manufacturing Company could recover neither rent nor damages, and the

jury consequently returned a verdict for the defendant. To which ruling the Dawson Manufacturing Company excepted.

No issue seems to have been made as to the six cars not delivered.

HINES & HOBBS, for plaintiff in error.

O. A. LOCHRANE; W. M. SESSIONS; McLAWS & GANAHL, for defendants.

McCAY, Judge.

There may be grave doubt whether the contract under which these cars were delivered by the plaintiffs to the railroad company was not in truth a mortgage. The form of every mortgage is a deed to the property, subject to conditions. It is the circumstance that the arrangement is only a security for the payment of money, that characterizes the instrument as a mortgage, and much might be said in favor of that being from the face of it the sole purport of this contract. But however this may be, the plaintiffs, in their answer and in their motion to dissolve the injunction, treated the paper as reserving to them the title, and as making the sale only conditional, and so the judge treated it in his judgment dissolving the injunction and giving them up the cars. He expressly required them to give up their claim on the railroad for their notes, the price of the cars. This judgment also expressly allowed them to put before the receiver their claim for rent and for damages. Nobody objected to or appealed from this judgment, and they are therefore to be held as assenting to it. If the trade was rescinded for non-payment of the money, we think in equity the car company has a right to rent and to damages. On what principle can the railroad company be presumed to keep and use the cars, not pay for them, and force the builders to assert their title, and not pay for the use of them in the meantime, as well as damages for their misuse. We say nothing as to the six cars, as, so far as we can see, that issue was not distinctly made.

Judgment reversed.